# Richmond

## PAUL LAMBACH v. JOHN BAILEY.

April 24, 1961.

Record No. 5210.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Preston P. Taylor* and *Robert M. Furniss, Jr.* (*Taylor, Gustin, Harris and Furniss*, on brief), for the plaintiff in error.

*E. Pryor Wormington* (*James, Wahab and Murphy; Parsons, Stant and Parsons; Rixey and Rixey*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Bailey filed a motion for judgment against David Dudley Whitehead, III, and Paul Lambach for personal injuries resulting

from a collision between two automobiles, one operated by White-head, and the other operated by Lambach in which Bailey was a passenger.

The trial resulted in a jury verdict for $27,500 against both defendants. A motion was made by Lambach either to have the verdict set aside and final judgment entered in his favor on the ground that the verdict was contrary to the law and the evidence, or in the alternative that he be granted a new trial because of alleged errors in the trial of the case. The motion was overruled and exception duly noted by Lambach. Over Lambach's objection judgment was entered on the verdict.

We granted Lambach a writ of error. Whitehead did not seek a writ, and the judgment as to him is final.

It is disclosed that the accident occurred about midnight on August 8, 1959, on Laskin Road in Princess Anne County at the intersection of Laskin Road with a driveway or hard surface roadway which runs from Laskin Road into the American Legion Club located on the south side of the road. The Whitehead car was being driven in an easterly direction when it collided with the car driven by the defendant Lambach which was proceeding westerly along Laskin Road and was in the process of making a left turn from said road to enter the American Legion Club.

Laskin Road at the point of the accident is straight and level, is a hard surface road, with two eastbound and two westbound traffic lanes divided in the center by a three-foot island. The east and westbound traffic lanes are 24 feet wide and each lane is divided in the center by a white line. The impact occurred near the right center of the eastbound lane.

Bailey was riding as a guest passenger in Lambach's 1957 Dodge automobile. Whitehead was driving a 1959 Chrysler with three young boys as passengers. The speed limit at the point was 55 miles per hour, and there were no controls at the intersection. The weather was clear and the road was dry.

While there are numerous errors assigned by Lambach, his argument before us centered around two. The first relates to his objection to the effort on the part of plaintiff's counsel to develop the fact that Lambach had been drinking or that there was an odor of alcohol on his breath. The record shows that plaintiff, Bailey, Lambach's passenger, had been drinking, and there was testimony that there was a strong odor of alcohol emanating from the Lambach car.

Although there is no direct proof that Lambach had been drinking, the circumstances regarding the odor of alcohol about his car immediately after the accident were sufficient to permit him to be cross-examined on the subject for the purpose of testing his credibility.

Had Lambach desired to take advantage of the matter he should have offered an instruction to the effect that there was no proof that he had been drinking on the occasion and the jury should disregard the evidence relating thereto. This he did not do. We see no merit in the assignment.

The main issue in the case is the assignment of error which charges that "The court erred in refusing to set the verdict aside and enter up final judgment for the defendant Lambach on the ground that the verdict of the jury was contrary to the law and the evidence."

In this connection Lambach says that as Bailey was a guest passenger in his car he could only recover upon a showing of gross negligence (Code, § 8-646.1), and he argues that gross negligence on his part had not been proved by a preponderance of the evidence. However, in his brief, he says:

"We admit that if there were credible evidence to show that Lambach was operating his automobile at the time of this accident without lights and came up to this intersection and made a sharp turn in front of a fast-approaching [the Whitehead] car, this would present a jury question as to whether or not Lambach was guilty of gross negligence. It is true that Whitehead testified that when he was 100 to 150 feet away from the intersection he saw the Lambach car approaching him from the east with no lights on it and no signal for a left turn, and that the car made a sharp left turn in front of him. This is, of course, denied by Lambach and we submit that the evidence clearly preponderates to show that Whitehead's statement about seeing the car as above mentioned and without lights is not true."

Suffice it to say that Whitehead testified that Lambach was operating his automobile at the time of the accident without lights and came up to the intersection and, without signal, made a sharp left turn immediately in front of his approaching vehicle. Lambach, on cross-examination, admitted that he was well into his turn before he saw the Whitehead car which, of necessity, was in plain view. We cannot say that this evidence is incredible. The physical facts indicate that the accident happened in the manner described by Whitehead,

and the jury had a right to believe his testimony. In any event, the evidence persented a jury question, and the jury had a right to find that under the circumstances Lambach was guilty of gross negligence.

The remaining assignments of error, dealing largely with the refusal of instructions, are without merit. The record shows that the jury was fully and properly instructed on all issues. The instructions refused were not applicable to the issues or were repetitious.

We see no reversible error in the record, and the judgment is

*Affirmed.*